**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Robert L. BURNS and Steve A. Horton,
Defendants-Appellants.**

**No. 26132.**

United States Court of Appeals,
Ninth Circuit.

April 20, 1971.

Robert L. Burns, in pro. per., for appellants.

Robert L. Meyer, U. S. Atty., Frederick M. Brosio, Jr., Chief, Civil Division, Hugh W. Blanchard, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CARTER, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

Robert L. Burns appeals from a judgment in favor of the United States enforcing against him a civil penalty of $100 for the reckless and negligent operation of a motorboat on the Colorado River in violation of Sections 13(a) and 16 of the Motorboat Act of 1940, as amended, 46 U.S.C. §§ 526*l*(a) and 526*o*. We affirm.

Burns' assignments of error are unpersuasive. His failure to object to the sufficiency of the complaint in the district court waives the point on appeal. Moreover, the minor discrepancy between the complaint and the wording of the statute was not prejudicial. If there was any prejudice it was in favor of the appellant.

The district court properly permitted the government to amend its complaint to conform to the proof in the absence of a showing of prejudice. Rule 15(b), Fed.R.Civ.P. Burns was asked by the court if he desired time to respond to the complaint as amended and he replied that he did not.

Burns did not object to the admission of hearsay evidence before the district court; he cannot now claim it as error. Purer & Co. v. Aktiebolaget Addo, 410 F.2d 871, 876 (9th Cir. 1969).

Based on the testimony of eyewitnesses that Burns was traveling at 50 to 60 miles per hour, in a direction contrary to normal traffic patterns, and in an area heavily frequented by other boats and bathers, the district court finding that the statute was violated is not clearly erroneous. Rule 52(a), Fed. R.Civ.P.

The judgment is affirmed.